IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAREY DALE GRAYSON, | |
| Plaintiff, | |
| v. | No. 24-cv-376-RAH-KFP |
| JOHN Q. HAMM, Commissioner, Alabama Department of Corrections, | **CAPITAL CASE** **Execution on November 21, 2024** |
| TERRY RAYBON, Warden, Holman Correctional Facility, | |
| Defendants. | |

_____

### EMERGENCY MOTION FOR ORDER REQUIRING DEFENDANTS TO PROVIDE A REASONED DECISION ON MR. GRAYSON'S REQUEST FOR A THERAPEUTIC SEDATIVE PRIOR TO HIS EXECUTION

Carey Dale Grayson moves this Court for an order directing Defendants to provide a decision on his request for a therapeutic sedative prior to his execution.[1] In support, he offers the following:

1. At approximately 1:00 p.m. on November 20, 2024, Mr. Grayson had a telehealth appointment with the prison mental health care provider. During that appointment, Mr. Grayson expressed his severe and increasing anxiety and distress

---

[1] Because time is of the essence, this motion is being filed immediately and without having heard back from Thomas McCarthy, counsel for ADOC, or counsel for Defendants, who have been e-mailed.

1

about his execution by nitrogen hypoxia and asked if a sedative could be provided prior to his execution. The provider made no medical assessment, but simply told him it was "too late" to make such a request.

2. Mr. Grayson then submitted a "sick call" slip to prison health officials noting his increasing distress about his pending execution by nitrogen hypoxia and requesting a medical assessment of his need for a sedative before his execution. He noted his Xanax is no longer providing relief from the increasing anxiety he feels about his execution. He received a physical exam shortly after 4:30 p.m. and was told he would be referred to the prison mental health provider to address his request for a sedative.

3. Given the prison mental health provider has already told him it is "too late" to receive a medical determination of his need for a sedative before his execution, this amounts to a non-denial denial by prison health and mental health officials.

4. Before this Court, Defendants represented—through Deborah Crook of ADOC Health Services and in argument—that a condemned prisoner could receive a sedative via prison health services if it was therapeutically appropriate before an

execution. This Court relied on that representation and testimony in denying a preliminary injunction.[2]

5.      Mr. Grayson is in a no man's land—having been shuffled between prison health services and prison mental health services—with no medical assessment of his request having been made. He has, instead, been told by prison health services that prison mental health services will address his issue and has been told by prison mental health services that it is "too late" for any sedative regardless of medical necessity.

For the foregoing reasons, Mr. Grayson respectfully requests this Court issue an order directing Defendants to provide a reasoned decision on his request for a therapeutic sedative. If the decision is to deny the sedative, Mr. Grayson reserves the right to file a motion for preliminary injunction requiring prison health officials to provide a therapeutic sedative before his execution.

Respectfully submitted this 20th day of November, 2024.

/s/John Anthony Palombi
John Anthony Palombi
John_Palombi@fd.org

/s/Spencer J. Hahn
Spencer J. Hahn
Spencer_Hahn@fd.org

---

[2] ECF No. 95 at 46 ("[E]vidence was provided that Grayson could make a medical request for a sedative separate and apart from the execution protocol, and there is a strong possibility that such a request would be granted so long as the request is made for therapeutic purposes.").

/s/Eric Brown
Eric Brown
Eric_Brown@fd.org

/s/Kacey L. Keeton
Kacey Leigh Keeton
Kacey_Keeton@fd.org

/s/Matt D. Schulz
Matt D. Schulz
Matt_Schulz@fd.org

Federal Defenders for the
Middle District of Alabama
817 S. Court Street
Montgomery, Alabama 36104
(334) 834-2099

**CERTIFICATE OF SERVICE**

I certify the foregoing was filed, via the CM/ECF system, on November 20, 2024, which will cause all counsel of record to receive an electronic copy.

/s/ Spencer J. Hahn
Spencer J. Hahn

4